United States District Court
District of Massachusetts
Civil Action Number 05-11543WGY

Yusuf M. Ali            )
    Plaintiff       )
Vs.                     )
Steve Boyd, Fred Galimi )
And Leo V. Marshall     )
    Defendants      )
                        )

**Memorandum of Law In Support of
Defendants' Motion To Dismiss**

**Introduction**

Plaintiff Yusuf M. Ali ("Ali") was employed as a carpenter for J.L. Marshall & Sons, Inc. for a brief period of <u>4 days</u> from August 11, 2003 to August 15, 2003, at a project known as the Cross Town Inn in Boston, Massachusetts. (Complaint ¶¶2,3,4 and 5). On or about August 15, 2003 Ali was laid off from his employment with J.L. Marshall (Complaint ¶7). On August 18, 2003 Plaintiff wrote to J.L. Marshall & Sons, Inc. regarding this lay-off (Exhibit 1) and filed a Complaint with the Commonwealth of Massachusetts Commission Against Discrimination (Charge of Discrimination) against "**J.L. Marshall Construction**" alleging discrimination on the basis of "Disability" in violation of M.G.L. ch. 151B, §4 ¶16 and ADA Title VII (Exhibit 2). On October 19, 2004 The MCAD issued a "Dismissal" of the

Complaint for lack of probable cause. (Exhibit 3-Dismissal and Memorandum).[1]

Ali now brings this U.S. District Court action against individuals Steve Boyd, Fred Galimi and Leo V. Marshall although never having named those individuals in the prior MCAD action. In fact, Ali makes no specific references to activity or conduct of individual defendants Boyd, Galimi and Marshall in this Complaint.

## Argument

I. Plaintiff failed to satisfy Administrative Pre-Requisite against individuals Boyd, Galimi and Marshall.

In his underlying MCAD Complaint Ali does not identify the now named individual defendants Boyd, Galimi and Marshall as Respondents. An MCAD charge must contain the identification of the persons alleged to have committed unlawful discriminatory acts. 804 C.M.R. 1.03 (4). The dual purposes of the filing requirements are to provide the MCAD with an opportunity to investigate and conciliate a discrimination claim and to provide notice to an accused of a potential lawsuit. See Conroy v. Boston Edison Co., 758 F.Supp. 54, 57 (D. Mass. 1991).

---

[1] Mass. Commission Against Discrimination (MCAD) charge and MCAD's findings could be considered a Motion To Dismiss Discrimination suit, both because they were incorporated and referenced in the Complaint and because they were public documents. Chapin v. University of Massachusetts at Lowell, D. Mass 1997, 977 F.Supp. 72 (1997).

2

Certainly the individuals now named had no such opportunity of notice and in fact following the investigative conference on the facts presented by Ali the MCAD dismissed his Charge for lack of probable cause. Under Title VII the failure to name a party as a Respondent in an EEOC Charge is usually fatal to the right to sue. See Schnellbaecher v. Baskin Clothing Co., 887 F.2d 124, 126 (7th Cir. 1989).

Furthermore Ali's Complaint in this action seems only to specifically identify wrongdoings of the MCAD and makes no specific identification that the now named individuals were either supervisors or acting in some "aiding and abetting conduct" which might warrant individual liability under Title VII or M.G.L., ch. 151B. Under Massachusetts Law employee's failure to name co-employee in MCAD Charge precluded employee from bringing discrimination suit against co-employee; where as here co-employee had no notice that he was potential target for a lawsuit and therefore had no pre-litigation opportunity to respond or seek conciliation, or where there was otherwise no identified constructive notice of Charge. Hayes v. Henrie Bendel, Inc., D. Mass. 1996, 945 F.Supp. 374.

The employee's failure to name the individual party in Charge filed with MCAD would preclude the employee from later maintaining a claim in court against that party under Massachusetts Anti-Discrimination statute, since the named

3

individual party had no notice or opportunity to conciliate the Charge. <u>Chapman v. Gentle Dental Center of Waltham</u>, D. Mass. 1997, 973 F. Supp, 228.

    II. Ali is not "Disabled" for Purposes of Protection under anti-discrimination in employment.

Ali has not demonstrated any level of disability or handicap that rises to the level of protection under state or federal Anti-Discrimination In Employment Laws. In fact, in his letter to J.L. Marshall of August 18, 2003 (Exhibit 1) Ali expresses that "… at times I have a need to use the restroom facilities a little more than usual." This bathroom need is in no way a disability entitling Ali to protection or even an accommodation. This type of "temporary, non-chronic impairments of short durations, with little or no long-term or permanent impact, are not "disabilities" under either Massachusetts anti-discrimination statute or Americans with Disabilities Act (ADA)". <u>Whitney v. Greenberg</u>, (2000) 115 F.Supp.2d 127.

Employee who suffered from back problems failed to demonstrate that he was disabled, as required to support claim against his employer for disability discrimination under the ADA and Massachusetts Law; the only activity that employee was advised by his doctor to avoid was "heavy lifting", employee did not show that this precluded him from working in a substantial class or broad range of jobs, and there was no indication that

the impairment was permanent or long term.  Benoit v. Technical MFG Corp., CA1 (Mass.) 2003, 331 F.3d 166.

In Dube v. Middlesex, 797 N.E.2d 925 (Mass.App.Ct. 2003), the court defined:

> "When the major life activity under consideration is that of working, the statutory phase 'substantial limits' requires at a minimum, that plaintiffs allege that they are unable to work in a broad class of jobs and furthermore that the 'inability' to perform one aspect of a [single] job while retaining the ability to perform in general does not amount to a substantial limitation of the activity of working."

Ali does not meet this criteria, by simply asking "to use the restroom facilities a little more than usual".

It is abundantly clear that Ali's contention that "he had to go to the bathroom more often" does not come anywhere near the standard for qualified disability under any stretch of the imagination.  As in the Dube case, "where records of impairment show no greater record limitations than the plaintiff's continuing impairments, if the continuing impairments are insufficiently limiting with regards to major life activities to qualify plaintiff as disabled, then the record of impairments will also fail."

## Conclusion

For the above states reasons Defendants Steve Boyd, Fred Galimi and Leo V. Marshall request that this honorable court allow their Motion To Dismiss on all counts of the Plaintiff's complaint.

Dated: 8/4/05

Respectfully Submitted,
Defendants,
Steve Boyd, Fred Galimi and
Leo V. Marshall,
By and through their attorney

_____
Karl J. Gross, Esquire
BBO#553465
O'Reilly, Grosso & Gross, P.C.
1671 Worcester Road, Suite 205
Framingham, MA 01701
Tel: 508-620-0055
Fax: 508-620-7655

8/18/03

JL Marshall Inc.
3 Clara Street
Seekonk, MA 02771

Attention: Leo V. Marshall

Dear Sir,

On August 14, 2003 I was working on the Crosstown Hotel job site. I informed Forman Steve Boyd out of respect that I have Kidney failure and at times have a need to use the restroom facilities a little more than usual. I also informed him that my condition does not in any way impair my abilities to perform any work functions required of me.

On Friday August 15, 2003 Forman Boyd asked me how I was feeling. I stated "Fine". Shortly after lunch he approached me with my layoff check. When I asked him why he was laying me off he stated "I thought you might get hurt because I saw the saw kick back on you".

Sir, this in my opinion and in the other Carpenters opinions is a discriminatory act. I am formally brining this to your attention to allow you to correct this problem.

Sincerely,

*Yusuf Ali*
Yusuf Ali

2 Hillside Street
Roxbury, MA 02220

**The Commonwealth of Massachusetts**
**Commission Against Discrimination**
One Ashburton Place, Boston, MA 02108
Phone: (617) 994-6000 Fax: (617) 994-6024

| | |
|---|---|
| MCAD DOCKET NUMBER: 03BEM02113 | EEOC/HUD CHARGE NUMBER: 16CA302325 |
| FILING DATE: 08/18/03 | VIOLATION DATE: 08/18/03 |

Name of Aggrieved Person or Organization:
Yusuf M. Ali
2 Hillside Street
Boston, MA 02120
Primary Phone: (617)596-5500 ext. ____

Named is the employer, labor organization, employment agency, or state/local government agency who discriminated against me:
J.L. Marshall Construction
Human Resources - Legal Department
3 Clara Street
Seekonk, MA 02771
Primary Phone: (508)399-8910 ext. ____

No. of Employees:      25+
Work Location: Boston

Cause of Discrimination based on:
Disability, Disability.

**The particulars are:**
I, Yusuf M. Ali, the Complainant believe that I was discriminated against by J.L. Marshall Construction, on the basis of Disability. This is in violation of M.G.L. 151B Section 4 Paragraph 16 and ADA, Title VII.

On or about August 11, 2003, I began my employment with the Respondent, J. L. Marshall Construction, as a carpenter. On August 14, 2003, I informed my Supervisor, Respondent Steve Boyd, that I may need to frequent the rest room, due to renal failure. On August 15, 2003, Respondent Boyd notified me that he no longer wished my services, for fear that I may be hurt. I believe that Respondent Boyd's reason for discharging me from employment was a pretext, based upon his knowledge of my disability the day prior. I have successfully worked for other companies, yet I have never incurred this response based on my medical condition. Therefore, I charge the Respondent with discrimination in the workplace based on my disability, renal failure.

I swear or affirm that I have read this complaint and that it is true to the best of my knowledge, information and belief.

(Signature of Complainant)

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS DAY of 8/18/2003.

NOTARY PUBLIC: Stephen P. Lewis

SIGNATURE NOTARY PUBLIC: _____
MY COMMISSION EXPIRES: 2/4/05

MCAD Docket Number 03BEM02113, Complaint

The Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place, Boston, MA 02108
Phone: (617) 994-6000 Fax: (617) 994-6024

## DISMISSAL and NOTIFICATION of RIGHTS  OCT 1 9 2004

| To: | Yusuf M. Ali<br>1085 Commonwealth Ave.,<br>#104<br>Boston, MA 02215 | Case: Yusuf M. Ali v. J.L. Marshall Construction<br>MCAD Docket Number: 03BEM02113<br>EEOC Number: 16CA302325-25+ Employees<br>Investigator: Marzella Hightower |
|---|---|---|

Your complaint has been dismissed for the following reasons:

[ ]   The facts alleged fail to state a claim under any of the statutes the Commission enforces.

[ ]   Respondent employs less than the required number of employees.

[ ]   Your complaint was not timely filed with the Commission, i.e. you waited too
long after the date(s) of the alleged discrimination to file. Because it was filed outside the time limit
prescribed by law, the Commission cannot investigate your allegations.

[ ]   You failed to provide requested information, failed or refused to appear or to be available for necessary
interviews/conference, or otherwise refused to cooperate to the extent that the Commission has been unable
to resolve your complaint. You have had more than 30 days in which to respond to our written request.

[ ]   The Commission's efforts to locate you have been unsuccessful. You have had at
least 30 days in which to respond to a notice sent to your last known address.

[ ]   The Respondent has made a reasonable settlement, offering full relief for the
harm you alleged. 30 days have expired since you received actual notice of this settlement offer.

[X]   The Commission issues the following determination. Based upon the
Commission's investigation, the Commission is unable to conclude that the information obtained establishes
a violation of the statutes. This does not certify that the Respondent is in compliance with the statutes. No
finding is made as to any other issues that might be construed as having been raised by this complaint.

[ ]   Other (briefly state)

### - NOTICE of APPEAL -

If you wish to appeal the dismissal of your complaint and believe that the above stated reason for dismissal is
incorrect, you may appeal to this Commission within 10 days after receipt of this notice. You or your attorney
must make your appeal of the dismissal in writing to the appeals clerk of this Commission. **Attention: Nancy To.**

All employment complaints, where applicable, were filed by the MCAD with the Equal Employment Opportunity
Commission. Our finding, which will be forwarded to its area office, JFK Federal Building, Boston, MA will be
given substantial weight provided that such findings are in accordance with the requirements of Title VII of the
Civil Rights Act of 1964, the ADEA, and/or the ADA, as amended.

_____       _____
Walter J. Sullivan Jr.                                 Date
Investigating Commissioner
Cc:
Karl J. Gross, Esq.
O'Reilly, Grosso & Gross, P.C.
1671 Worcester Road, Suite 205
Framingham, MA 01701

MCAD Docket Number 03BEM02113, Dismissal and Notification of Rights with Appeal         Page   1
Rights

## MEMORANDUM

| | |
|---|---|
| TO: | Yusuf M. Ali v. J.L. Marshall Construction |
| MCAD NO: | 031302113 |
| EEOC NO: | 16CA302325 (25+ Employees) |
| FR: | Marzella B. Hightower, Investigator |
| RE: | Dismissal and Notification of Rights |

**Issues Investigated:**
Whether the Complainant was discriminated against in employment because of his disability (renal disease) in being denied a reasonable accommodation in violation of M.G.L. Chapter 151B, Section 4, Paragraph 16 and the ADA. Respondent denies the allegations.

**Summary of findings:**
Investigation reveals Complainant began his employment in August 11, 2003 as a Carpenter until August 15, 2003 the day he was terminated. Complainant alleges he told the Respondent that he needed to use the bathroom frequently due to his disability. Subsequently, Complainant alleges he was informed that his services were no longer needed. Complainant alleges he has worked on numerous jobs successfully without being subjected to discriminatory animus regarding his disability.

Respondent is a construction contractor that employs various trades of people on its projects. Respondent states Complainant was employed with Union Hall Local 67 to perform basic carpentry duties and to adhere to the safety requirements. Respondent states Complainant was immediately observed having difficulties in performing his duties (i.e. unable to strip his section of the form.) Respondent states Complainant had to be shown the proper way to strip the form by a laborer while his co-workers had already completed their task. Soon after, Complainant was observed standing around watching the laborer chip concrete and was advised to work on other areas while the chipping was being completed. Respondent states Complainant failed to complete the task and another carpenter had to finish Complainant's duties. Respondent states on August 12, 2003, Complainant told the Carpenter Foreman that he needed a couple of hours off in the morning but failed to return or complete his tasks for the day.

On August 13, 2003, Complainant took his break, failed to return on time and was questioned regarding his lateness. Respondent states Complainant informed them he needed a little more time to use the bathroom. On August 14, 2003, Respondent states Complainant was given a task to complete, but had difficulty in performing the duties and the foreman exhibited how to do the job. On August 15, 2003, Respondent states Complainant improperly submitted forms, and the assignment had to be allocated to another carpenter. In addition, it was noticed that Complainant possessed a safety hazard because he failed to follow proper procedure in using a saw. Respondent states it gave the Complainant instructions to stay away from the wielding inspector who was on a ladder however, Complainant failed to adhere to the instructions and Complainant bumped the ladder, almost knocking the inspector over.

Investigation reveals Complainant submitted a doctor's note stating he suffers from end stage renal disease and receives treatment three times a week. The note also clears the Complainant to return to full time duty with entitlement to a reasonable accommodation. In the investigative conference Complainant stated he did not need a reasonable accommodation and did not request it. Respondent states the Complainant displayed unsafe working habits and frequently had to be reminded to wear his hardhat. Respondent identified Complainant as not having the skills and knowledge to perform his duties and violated safety requirements under the union agreement Section 9. Complainant did not file a complaint with the union. For the above reasons, there is insufficient evidence that Complainant was discriminated against by Respondent on the basis of the above-referenced discrimination charges. It is therefore recommended that this Complainant be dismissed for lack of probable cause.

| | |
|---|---|
| Marzella B. Hightower | Jean A. Clanton, Supervisor |
| Investigator | |